IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| THOMAS E. NEUSE<br>31 Highfields Drive<br>Catonsville, MD 21228<br>Baltimore County<br><br>    Plaintiff,<br>v.<br><br>CRESTRON ELECTRONICS, INC.<br>8161 Maple Lawn Boulevard, Suite 100<br>Maple Lawn Office III<br>Fulton, MD 20759<br>    serve on resident agent:<br>    CSC-LAWYERS INCORPORATING<br>    SERVICE COMPANY<br>    7 St. Paul Street, Suite 820<br>    Baltimore, MD 21202<br><br>    Defendant. | *<br>*<br>*<br>*<br>*  Civil Action No.:_____<br>*<br>*  **JURY TRIAL REQUESTED**<br>*<br>*  **COLLECTIVE ACTION - FLSA**<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

Plaintiff Thomas E. Neuse ("Plaintiff"), brings this lawsuit against his former employer, Defendant Crestron Electronics, Inc. ("Defendant"), for overtime wages, under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, ("FLSA"), the Maryland Wage and Hour Law, Md. Ann. Code, Labor & Employment, § 3-415(a) ("MWHL"), and the Maryland Wage Payment Collection Law, § 3-501 *et seq.* ("MWPCL").

### PLAINTIFF

1. Plaintiff is an adult resident of the State of Maryland, Baltimore County.

2. Plaintiff was hired by Defendant in October 2011, to work in a position with the job title called "applications engineer".

3. Plaintiff was hired with an annual fixed salary, without an hourly rate of pay.

4. Plaintiff worked for Defendant in the position called "applications engineer" until approximately November 2016, when he was separated from employment.

5. When he was hired as an "applications engineer" by Defendant in October 2011, Plaintiff did not have a college degree in information technology, computer programming, or any other computer or electronic engineering area.

6. Plaintiff earned a Bachelor of Arts degree in Speech Pathology and Audiology.

7. Plaintiff is not an engineer and has no engineering degree.

8. Plaintiff's job duties, when he was employed by Defendant, primarily consisted of answering telephone calls, documenting clients' problems, performing very basic troubleshooting of clients' problems, and ensuring that clients' firmware (which belonged to Defendant) was up-to-date.

9. Defendant misclassified Plaintiff's position and the position of other "applications engineers", as exempt under the FLSA and MWHL.

10. Plaintiff's regular schedule was Monday through Friday 8:30 a.m. to 5:30 p.m., with a one-hour lunch period.

11. Plaintiff, at least once a week, worked through his lunch period which resulted in him working more than 40 hours in a work week.

12. Plaintiff's supervisor knew that Plaintiff worked through his lunch periods.

13. In addition to working through lunch periods, Plaintiff was also required to work past his regular schedule end time to complete necessary troubleshooting work. Plaintiff did such work at least once a month, and probably three to four times a month.

14. Furthermore, Plaintiff regularly reported to and started work 10 to 15 minutes earlier than his regular schedule start time. This also resulted in Plaintiff working more than 40 hours in a work week.

15. Plaintiff's supervisor knew that Plaintiff regularly reported to work earlier than his regular schedule hours and that Plaintiff had to work past his regular schedule hours.

16. From about October 2011 until November 17, 2016, Defendant never paid Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, §3-415.

17. On November 17, 2016, Defendant terminated Plaintiff from employment.

#### DEFENDANT & ITS UNLAWFUL PAY PRACTICES

18. Defendant is a for-profit corporation, operating in Maryland and nationally, specializing in audio visual industry and in providing control and automation systems. Defendant designs, manufactures, and markets audio visual control systems, signal switching and processing devices, and other related solutions. See https://www.crestron.com/.

19. Defendant's annual gross volume of sales and/or business done is greater than $500,000.

20. Defendant is headquartered at 15 Volvo Drive, Rockleigh, New Jersey 07647.

21. Defendant has offices in New Jersey, Colorado, Texas, Florida, California, New York, Nevada, Illinois, Arizona, Georgia, and Maryland.

22. Defendant has also offices around the world including in Canada, Mexico, Brazil, Belgium, Germany, Spain, United Kingdom, Netherlands, Italy, France, Russia, United Arab Emirates, Israel, South Africa, Australia, New Zealand, Hong Kong, Malaysia, Singapore, Thailand, Indonesia, Philippines, Vietnam, Japan, India and China.

23. Defendant engages in interstate commerce.

24. Defendant is an employer within the meaning of the term of the FLSA, 29 U.S.C. § 203(d), the MWHL, Md. Ann. Code, Labor & Employment, §3-401(b), and the MWPCL, Md. Ann. Code, Labor & Employment, §3-501.

25. Defendant is subject to the FLSA, the MWHL, and the MWPCL, for owed wages, including unpaid overtime wages.

26. Defendant employed and paid Plaintiff as its employee from about October 2011 until November 17, 2016.

27. Defendant paid Plaintiff on a salary basis to perform his duties.

28. Plaintiff worked in excess of 40 hours per work week for Defendant.

29. Defendant never paid Plaintiff one and a half times his regular rate of pay for all hours worked over 40 hours per work week.

30. Defendant failed to pay Plaintiff overtime wages for all overtime hours he worked in excess of 40 hours per work week.

31. Upon information and belief, Defendant did not seek the advice and counsel of an attorney knowledgeable about the requirements of the FLSA prior to deciding not to pay Plaintiff overtime wages for all overtime hours worked over 40 hours per work week.

32. Defendant's failure to pay Plaintiff all overtime wages for all overtime hours worked was intentional and willful.

33. Defendant's failure to pay Plaintiff all overtime wages for all overtime hours worked was not the result of a bona fide dispute.

### FACTS RELATING TO FLSA AND WAGE VIOLATIONS UNDER MARYLAND LAW

34. Plaintiff's regular work schedule was Monday through Friday 8:30 a.m. to 5:30 p.m., with a one-hour lunch period.

35. Plaintiff, at least once a week, worked through his lunch period which resulted in him working more than 40 hours in a work week.

36. Plaintiff's supervisor knew that Plaintiff worked through his lunch periods.

37. Plaintiff was also required to work past his regular schedule end time to complete necessary work. Plaintiff did such work at least once a month, and probably three to four times a month.

38. Further, Plaintiff oftentimes started work 10 to 15 minutes earlier than his regular schedule start time. This also resulted in Plaintiff working more than 40 hours in a work week.

39. Plaintiff's supervisor knew that Plaintiff oftentimes reported to work earlier than his regular schedule hours and that Plaintiff had to work past his regular schedule hours at least once a month.

40. Plaintiff troubleshot Defendant's clients' problems through phone from his office.

41. Plaintiff did not visit any of clients' sites to troubleshoot problems.

42. Plaintiff very rarely tested new products.

43. Plaintiff never wrote or developed any computer software system to address clients' problems.

44. Plaintiff never designed or developed new software macros or hardware or any firmware for Defendant.

45. Plaintiff never set up any computer networks.

46. If Plaintiff had a client with a problem that he could not solve on his own, he had to go to his supervisor, the Technical Manager, to get advice and direction on how to resolve the client's problem.

47. Plaintiff's job did not involve designing, development, documentation, analysis, creation, or modification of computer systems.

48. Plaintiff's job was not related to any machine operating system.

49. Plaintiff did not exercise any independent judgment or discretion related to Defendant's core business operation.

50. Plaintiff never supervised any other employees.

51. Defendant misclassified the called "applications engineer" position as exempt under the FLSA and MWHL.

52. Defendant never paid Plaintiff overtime at the rate of one and a half times his regular rate of pay for all hours worked over 40 hours per work week while he was employed as an "applications engineer", as required by the FLSA, 29 U.S.C. § 207 and the MWHL, Md. Ann. Code, Labor & Employment, §3-415.

53. Defendant willfully and intentionally failed to pay Plaintiff at a rate of one and one-half times his regular rate of pay for all overtime hours worked over 40 hours in a work week while he was employed as an "applications engineer", as required by the MWHL, Labor and Employment § 3-415(a), and the FLSA, 29 U.S.C. § 207.

54. Defendant willfully and intentionally violated the provisions of the Maryland Labor & Employment Code by failing to pay Plaintiff all overtime wages due for work that all overtime hours worked prior to the termination of his employment, as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3-505.

55. Over two weeks have elapsed from the date on which Defendant was required to have paid Plaintiff all owed overtime wages as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

56. Plaintiff satisfies all requirements for maintaining claims under the MWHL, the MWPCL, and the FLSA.

57. Defendant's failure to pay Plaintiff overtime wages for all overtime hours worked was not done in good faith and was willful.

58. Defendant's failure to pay Plaintiff overtime wages for all overtime hours worked was not the result of a bona fide dispute.

59. Upon information and belief, Defendant failed to obtain legal advice or counsel, or advice or counsel from a wage-hour compliance professional or expert, that it did not have to pay Plaintiff and others similarly situated overtime when they worked more than 40 hours in a work week.

### FLSA OVERTIME COLLECTIVE ACTION ALLEGATIONS

60. This action proceeds as an individual case and is also concurrently maintainable as an "opt-in" collective action pursuant to 29 U.S.C.A. §216(b) as to the claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs under the FLSA.

61. In addition to Plaintiff, there are other current and former employees of Defendant who are similarly situated to Plaintiff and were misclassified as exempt and subjected to the same unlawful pay policies and practices by the Defendant.

62. These similarly situated employees are known to Defendant and are readily identifiable and locatable through Defendant's records.

63. The similarly situated employees were subject to the same pay policies and practices as Plaintiff.

64. The similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.

65. Upon information and belief, others will choose to join Plaintiff in this action against Defendant and opt-in to this lawsuit to recover unpaid wages, including overtime wages and other available relief.

66. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C.A. §216(b), for the purpose of adjudicating their claims for unpaid wages, liquidated damages and attorneys' fees under the FLSA.

67. Plaintiff consents to be a party plaintiff in this matter.

68. Plaintiff's consent is attached to this Complaint as **Exhibit 1**.

69. It is likely that other individuals will join Plaintiff during the litigation of this matter and file written consents to "opt in" to this collective action.

## JURISDICTION AND VENUE

70. Original jurisdiction in this Court is granted by the FLSA, 29 U.S.C.A. § 207 *et seq.*

71. Venue is appropriate in this jurisdiction based upon the occurrence of the unlawful events, central to this lawsuit, within this District in the State of Maryland.

## VIOLATIONS OF LAW

### COUNT I – VIOLATIONS OF THE MARYLAND WAGE AND HOUR LAW, FAILURE TO PAY THE REQUIRED OVERTIME WAGE

72. All allegations of the Complaint are expressly incorporated herein.

73. From October 2011 until November 17, 2016, Plaintiff was required to work in excess of forty hours per work week.

74. Defendant willfully and intentionally misclassified the Plaintiff's position as exempt.

75. Plaintiff, was a non-exempt employee under the Maryland Wage and Hour Law, Labor and Employment §§3-403, 3-415(a), entitling him to be paid overtime at a rate of one and one-half times his regular rate of pay for all hours worked in excess of a forty-hour work week.

76. Defendant willfully violated the provisions of the Maryland Labor & Employment Code by failing to compensate Plaintiff for overtime hours worked at a rate of one and one-half times his regular rate of pay for all hours worked in excess of a forty-hour work week.

77. As a result of the unlawful acts of Defendant, Plaintiff has been deprived overtime wages in amounts to be determined at trial, and is entitled to recovery of such amounts, plus liquidated damages, attorney's fees, and costs.

78. There is no bona fide dispute that Plaintiff is owed the requested wages.

79. Relief requested – Plaintiff requests that: (a) Defendant be ordered to pay him all overtime wages owed at a rate of one and one-half times his regular rate of pay for all overtime hours worked; (b) he be awarded an additional amount of liquidated damages; (c) he be awarded pre- and post- judgment interest; and (d) he be awarded his attorney's fees and costs.

**COUNT II – VIOLATIONS OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW, FAILURE TO TIMELY PAY ALL WAGES DUE**

80. All allegations of the Complaint are expressly incorporated herein.

81. From October 2011 until November 17, 2016, Defendant refused to timely pay all overtime wages due to Plaintiff, in violation of the MWPCL, Md. Code Ann., Labor & Empl. §§ 3-502 and 3-505.

82. Plaintiff's employment with Defendant ended on November 17, 2016.

9

83. Defendant has not paid Plaintiff all of his owed overtime wages.

84. Pursuant to the MWPCL, Md. Code Ann., Labor & Empl. § 3-502, Defendant was obligated to pay Plaintiff for all wages earned on a regular basis, including overtime wages.

85. Defendant's actions in failing to pay Plaintiff overtime wages for all overtime hours worked were willful violations of the MWPCL.

86. Over two weeks have elapsed from the date on which the Defendant was required to have paid Plaintiff all owed overtime wages as required by the Maryland Wage Payment and Collection Law, Labor and Employment § 3- 507.2(a).

87. There is no bona fide dispute as to the overtime wages owed to Plaintiff.

88. <u>Relief requested</u> – Plaintiff requests that: (a) Defendant be ordered to pay him all owed overtime wages; (b) he be awarded treble damages; (c) that he be awarded pre- and post-judgment interest; and (d) he be awarded his attorney's fees and costs.

**COUNT III – <u>FLSA CLAIM FOR OWED OVERTIME/WILLFUL VIOLATIONS</u>**

89. All allegations of the Complaint are expressly incorporated herein.

90. Plaintiff is entitled to overtime pay under the Fair Labor Standards Act, 29 U.S.C. § 207 for the period from October 2011 until November 17, 2016.

91. Defendant violated the provisions of the Fair Labor Standards Act by willfully and intentionally misclassifying Plaintiff as an exempt employee and failing and refusing in a willful and intentional manner to pay Plaintiff overtime wages at a rate of one and one-half times his regular rate of pay for all overtime hours worked in excess of 40 hours per work week, as required by the FLSA, 29 U.S.C. § 207.

92. By reason of the aforesaid violations of the FLSA, Defendant is liable to Plaintiff in an amount equal to the unpaid overtime, unpaid overtime penalties/liquidated damages, all other applicable penalties, attorney's fees and costs, and pre- and post- judgment interest.

93. <u>Relief requested</u> – Plaintiff requests that: (a) Defendant be ordered to pay him all overtime wages for all overtime hours worked; (b) liquidated damages be assessed against Defendant; (c) he be awarded pre- and post- judgment interest; and (d) he be awarded his attorneys' fees and costs. In addition, Plaintiff requests that an Order issue certifying this count as a collective action and enjoining Defendant to comply with the FLSA.

Respectfully submitted,

_____
Stephen Lebau, Bar #07258
Lebau & Neuworth, LLC
606 Baltimore Avenue – Suite 201
Towson, Maryland 21204
tel. 443.273.1203
fax. 410.296.8660
sl@joblaws.net
Attorneys for Plaintiffs

## **REQUEST FOR JURY TRIAL**

Plaintiff requests that a jury of his peers hear and decide the claims asserted in this Complaint.

Respectfully submitted,

_____
Stephen Lebau, Bar #07258